UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER M. MAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:12-cv-259-TWP-MJD |
| | ) | |
| KEITH BUTTS, WAYNE SCAIFE, | ) | |
| DUANE ALSIP, LT. JEREMY ASHBY, | ) | |
| S. MEYERS, and WALTER PETERSON, | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY DISMISSING SPECIFIED CLAIMS AND DIRECTING FURTHER PROCEEDINGS

For the reasons explained in this Entry, the legally insufficient claims asserted in the complaint filed by Christopher May ("Mr. May") are dismissed, while other claims will proceed as directed, all consistent with the following:

1. Mr. May is confined at an Indiana prison and alleges that certain prison employees confiscated his personal journal as unauthorized literature, in violation of his First and Fourteenth Amendment rights and state law. Mr. May seeks compensation for his loss, specifically the cost of the journal (approximately $14.00) and $50,000.00 for his emotional injury.

2. Because Mr. May is a prisoner, the complaint is subject to the screening required by 28 U.S.C. ' 1915A(b). *Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

3. "Under the federal rules' notice pleading standard, a complaint must contain only a 'short and plain statement of the claim showing that the pleader is entitled to relief.' Fed.R.Civ.P. 8(a)(2). The complaint will survive a motion to dismiss if it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Wigod v. Wells Fargo Bank, N.A.,* 673 F.3d 547, 555 (7th Cir. 2012) (internal quotations and citations omitted). That plausibility is defeated, however, when a plaintiff pleads himself out of court "by alleging facts that show there is no viable claim.@ *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th. Cir. 2008); *see also Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990) ("Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."). Additionally, *pro se* complaints such as that filed by Mr. May are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

4. Mr. May's claims are asserted pursuant to 42 U.S.C. § 1983. This statute creates a federal cause of action for "the deprivation, under color of [state] law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States." *Livadas v. Bradshaw,* 512 U.S. 107, 132 (1994). Thus, no action lies under ' 1983 unless a plaintiff has asserted the violation of a federal right. *See Middlesex County Sewage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 19 (1981); *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a *prima facie* case under ' 1983).

5. Applying the foregoing pleading standards, together with the fact that claims brought pursuant to § 1983 cannot be based upon theories of vicarious liability or *respondeat superior. Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009), certain claims in May's complaint must be dismissed.

   a. Claims asserted against Superintendent Keith Butts, Wayne Scaife, and Duane Alsip are dismissed because they are not alleged to have had sufficient personal involvement in Mr. May's claims. *See id.,* at 1948 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *West v. Waymire*, 114 F.3d 646, 649 (7th Cir. 1997) ("the doctrine of *respondeat superior* is not available to a plaintiff in a section 1983 suit").

   b. Mr. May's claim based on the Fourteenth Amendment is dismissed. The Fourteenth Amendment provides that state officials shall not Adeprive any person of life, liberty, or property, without due process of law.@ Mr. May was entitled to constitutional protections with respect to the confiscation of his property, but this means nothing more and nothing less than due process. *Zinerman v. Burch,* 110 S. Ct. 975, 983 (1990). A state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional deprivation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer,* 468 U.S. 517, 533 (1984). AFor intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.@ *Id.* The Indiana Tort Claims Act (IND.CODE ' 34-13-3-1, *et seq*.) provides for state judicial review of property losses caused by

government employees and provides an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001).

c. Mr. May seeks only damages. The Defendants are each employed by an Indiana state agency, the Indiana Department of Correction. A claim for damages against the Defendants in their official capacities "is, in all respects other than name, to be treated as a suit against the entity . . . for the real party in interest is the entity." *Kentucky v. Graham,* 473 U.S. 159, 166 (1985). In this case, therefore, the official capacity claims are in all respects other than name against the State of Indiana. Such claims are frivolous, however, because Indiana is not a "person" subject to suit or to liability pursuant to 42 U.S.C. § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989) (states, their agencies, and officials sued in their official capacities for damages are not "persons" under § 1983).

d. Mr. May's complaint includes a claim that the Defendants' conduct violated the Indiana Constitution. There is no private cause of action for damages under the Indiana Constitution when an existing tort law amply protects the right guaranteed by the Indiana Constitution. *Cantrell v. Morris*, 849 N.E.2d 488, 491-93 (Ind. 2006); *Estate of O-Bryan v. Town of Sellersburg,* 2004 WL 1234215, *21 (S.D.Ind. May 20, 2004). Because no actionable claim under the Indiana Constitution is presented here this claim fails.

6. No partial final judgment shall issue at this time as to the claims resolved in this Entry.

7. Mr. May's claim that the confiscation of his diary by Officer Meyer, Lt. Ashby, and I.A. Walter Peterson violated his First Amendment rights shall proceed.

8. The clerk is designated pursuant to Fed.R.Civ.P. 4(c)(3) to issue and serve process on Defendants Officer Meyer, Lt. Ashby, and I.A. Walter Peterson in the manner specified by Fed.R.Civ.P. 4(d)(1). Process shall consist of the complaint, applicable forms and this Entry.

SO ORDERED.

Date: 05/04/2012

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Christopher May, #956245
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, Indiana 46064

Officer Meyer
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, Indiana 46064

Lt. Ashby
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, Indiana 46064

I.A. Walter Peterson
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, Indiana 46064